UNITED STATES of America,
Appellee,

v.

SAWYER TRANSPORT, INC.,
Appellant.

No. 72–1010.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1972.

Decided June 30, 1972.

David T. DeMars, Fargo, N. D., for appellant.

Joseph M. Livermore, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and URBOM, District Judge.*

PER CURIAM.

A 20-count information was filed in the United States District Court charging that Sawyer Transport, Inc., a motor carrier, did on enumerated dates between September 4, 1969, and November 17, 1970, knowingly and willfully require or permit its drivers to submit false daily drivers' logs in violation of 49 C.F.R. 395.1 and 395.8,[1] and 49 U.S.C. § 322(a).[2]

The case was tried to the court and in due time Judge Neville filed a memorandum opinion, 337 F.Supp. 29, finding Sawyer guilty on Counts I, II, IV, V, VI, VIII, XI and XV, and not guilty on the remaining counts. He assessed a fine of $200 on each of the counts for a total of $1,600.

On appeal, Sawyer admits "that a comparison of the driver's daily logs . . . and a certified copy of official records of the State of Wisconsin . . . makes it clear beyond a reasonable doubt that the drivers logs in [the counts under which they were found guilty] were demonstratably [sic] and clearly false as found by the trial court." The only issue, couched in the language of appellant, "is whether or not the evidence was sufficient to establish that Sawyer knowingly and willfully permitted drivers to file false daily logs."

Our examination of the record convinces us that the evidence fully justified the district court in finding guilty knowledge on the part of the appellant. *See* Riss and Co. v. United States, 262

---

* District Judge, Nebraska, sitting by designation.

1. The regulations here violated were promulgated by the Interstate Commerce Commission and contain the following provisions: § 395.1 compels all motor carriers to comply with the various regulations enumerated, and § 395.8 mandates specifically that

every motor carrier shall require that a driver's daily log . . . shall be

made in duplicate by every driver used by him or it . . . . [F]alsification of entries . . . shall make both the driver and the carrier liable to prosecution.

2. The statute provides criminal penalties for carriers which "knowingly and willfully keep any accounts, records, or memoranda contrary to the rules, regulations or orders."

F.2d 245, 250 (8th Cir. 1958). The record demonstrates discerning judgment on the part of the trial judge, as manifested by his judgment of acquittal on twelve of the counts.

We affirm on the basis of Judge Neville's opinion.